UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV2365 CDP |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

On March 31, 2011, this Court received a two-inch tall stack of motions and other documents from plaintiff Derrick Howard. Among other things, Howard asks that many of the documents be filed *ex parte* and under seal, and he asks that the Court copy them and send him a copy. These requests are improper, and so I directed the Clerk of Court not to file the documents until I had reviewed them. I have now reviewed them, and will direct the Clerk to docket some of them, but others will be returned to Howard for failure to comply with the Federal Rules of Civil Procedure.

Howard is a prisoner in the United States Bureau of Prisons. He is currently housed in the U.S. Penitentiary in Coleman, Florida. In December of 2010, while he was incarcerated in West Virginia, he filed this and three other *pro se* complaints in the United States District Court for the District of West Virginia.

That court transferred the actions here, and two of the four were assigned to me.[1] Howard purported to bring the case on his own behalf and on behalf of "BIS Investments, LLC" against numerous defendants. Howard asserts that he is the sole member and shareholder of BIS. He alleges that the defendants misappropriated funds from bank accounts owned by BIS. After I reviewed the case pursuant to 28 U.S.C. § 1915, I ordered Howard to pay an initial partial filing fee of $16.67, and I struck BIS as a plaintiff, because Howard, as a non-lawyer, cannot represent any other entity.

The Clerk issued summons and several defendants have appeared and moved to dismiss Howard's complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), claiming that Howard is a Missouri citizen and that therefore complete diversity does not exist. Several defendants, however, have not been served because Howard has not provided correct addresses or names for them. The Clerk sent Howard a letter dated March 24, 2011, instructing him to send in the needed information on the appropriate forms. Howard requested additional

---

[1] The other case assigned to me bears case number 4:10CV2367 CDP; two cases were assigned to the Honorable Henry E. Autrey and they bear case numbers 4:10CV2366 HEA and 4:10CV2368 HEA. The cases appear to be different, although they may involve some common factual background.

time to respond to the motions to dismiss, and I granted him until April 8, 2011 to do so.[2]

I will discuss the documents received by the Court in more detail, but before I do that, I take this opportunity to remind Howard of his obligations to follow the Federal Rules of Civil Procedure and the Local Rules of this Court. Although Howard is not a lawyer, he is not entitled to special treatment and he must follow the same rules that apply to everyone else. The Court will not copy and serve his pleadings and motions, as that is his obligation under Rule 5, Fed. R. Civ. P. I will not engage in any *ex parte* communications with him, and he may not send me anything that he has not served on all opposing counsel.[3] I will direct the Clerk from this point forward to return to Howard any document that does not have a certificate of service indicating he has sent copies to opposing counsel. I have previously denied his motion for appointment of counsel, and continue to believe that appointment of counsel is not necessary or appropriate in this case. Howard has previously been involved in numerous matters in this court, both with counsel and acting *pro se*. His *pro se* filings show that he is capable of handling this matter on his own. Howard must remember that he is the plaintiff: he brought this case

---

[2]Even before the motions were filed, Howard sent a document to the clerk, docketed as "Letter to Clerk . . . re: Jurisdiction" [docket # 20] asserting that he is a citizen of Florida.

[3]This is not Howard's first attempt at *ex parte* communications; he previously tried to email me and my chambers staff directly through the Bureau of Prisons, but I have blocked those emails.

voluntarily and accordingly, he is responsible for prosecuting it and ensuring that all defendants are served with his filings.

The documents received by the court on March 31, 2011 are labeled or described as follows:

1. A document labeled: "Construe as a Motion for Service of Process." This document asks the Clerk to serve the unserved parties, and also asks to "file one motion that covers all parties." I will direct the Clerk to file this as a motion for service and for more time, and I will deny it except to the extent I provide a short extension, as discussed below. The Clerk has previously informed Howard of the information needed for service to be achieved, and providing that information on the proper form is Howard's obligation. Howard is also reminded that Rule 4(m), Fed. R. Civ. P., sets time limits for service of process, and that the claims against unserved defendants may be dismissed without prejudice if timely service is not made.

2. A letter to the Clerk asking that the documents be filed under seal, and asking that the Clerk send him a copy of the documents. The letter also asks for copies of his various docket sheets and asks that the Clerk stamp all future correspondence with "Legal Mail Open in the presence of the inmate." I will order the Clerk to file this letter, but I will not order it filed under seal. There is no basis for filing this motion under seal, as it contains no confidential or personal

information.  I will order the Clerk to send Howard copies of the four docket sheets, but I will deny this motion in all other respects.  I recognize that Howard is proceeding and *in forma pauperis*, but that status does not entitle him to have the Court take on the burden of copying documents for him or stamping his mail in any certain way.

     3.  "Motion for Ex-Parte Teleconference."  Howard asks that this motion be filed under seal, and he asks that I hold an *ex parte* telephone conference with him.  I will order the Clerk to file this motion, but I will deny the request for an *ex parte* conference, as previously discussed.  I will also deny the request to file the motion under seal, as nothing in it reveals confidential material.  The exhibits are copies of sealed documents from his criminal file, and I will direct the Clerk to return these exhibits to him, as they add nothing to this civil file.  If I wanted to review materials from his criminal file, I could do so, but it is not appropriate for me to consider matters that the defendants have no access to.

     4.  "Motion to Compel Federal Correctional Complex USP Coleman II **Warden Drew** to Give Plaintiff Derrick Howard Access to his Legal Disk and Tapes."  I will order the Clerk to file this motion, but I will deny it.  The Bureau of Prisons is not a party to this case; I have no jurisdiction over the Bureau of Prisons; I cannot order it to do anything with regard to Mr. Howard or his lawsuits.

5. "Motion for Subpoena." This motion seeks to be filed under seal, and asks the Court to issue a subpoena to a non-party for certain documents. Howard says he gave some documents to the non-party for safekeeping and has been unable to get them back. I will order the Clerk to file this complete unredacted motion under seal, because it makes statements about the non-party's medical conditions and it lists a home address for her, but the Clerk will serve copies of the unredacted motion on defense counsel. I will order the Clerk to file in the public file a redacted copy of the motion, removing the references to the non-party's medical condition and home address. I will deny the motion, however, because until a Case Management Order is entered in this case, discovery may not begin. And I will not enter a Case Management Order until I have resolved the pending jurisdictional motions.

6. "Motion for Continuance and Renewed Motion for Appointment of Counsel." Howard seeks to file this document under seal, and asks that the two-inch stack of exhibits with it be filed under seal. I will order the Clerk to file the motion, but will deny both requests, except to the following extent. The Clerk will file the unredacted copy of the motion itself under seal, but copies of the unredacted motion will be served on defense counsel. A redacted copy of the motion will be filed in the public file, removing certain references to plaintiff's medical condition. The exhibits will be returned to Howard. I will grant Howard a

short additional period of time in which to respond to the motions to dismiss, but I will otherwise deny the motions. Nothing in the motion or exhibits indicates that Howard cannot prosecute this action. The medical conditions of which he complains have apparently existed for several years, and they did not keep him from filing four new lawsuits, or from filing numerous documents in these cases. He argues that the prison does not provide lengthy periods of time to research his cases, but the issues now before the Court are not so complicated that lengthy research is needed. Indeed, he filed a brief in support of his claim of diversity jurisdiction even before the defendants challenged that jurisdiction, so I believe he is fully capable of prosecuting the case.

As mentioned above, I have ordered that unredacted copies of two motions be filed under seal and I have ordered the Clerk of Court to serve them on defense counsel. This Order will serve as Protective Order for any matters that were filed under seal, and defendants are ordered to keep the sealed information confidential, and to use it for purposes of this litigation only. This restriction only applies to matters that were redacted, and it should provide appropriate protection for the confidential information.

As set out above, I will order the Clerk of Court not to accept any materials from Howard in this case unless the materials are accompanied by a certificate of service indicating that Howard has mailed copies of the documents to all counsel

of record.  I am ordering the Clerk to return to Howard, without filing in the case file, anything received without a certificate of service.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall file Howard's "Motion for Service of Process" as a motion for service and for more time in the public file, but this motion is granted only to the extent that Howard is given until **April 29, 2011** to file his response to the pending motions to dismiss.  The motion is denied in all other respects, and Howard is reminded that he is responsible for providing the Clerk with the proper names and addresses of the unserved defendants on the forms previously provided by the Clerk.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Howard's letter to the clerk in the public file, but the requests in this letter will be denied in all respects except that the Clerk of the Court shall mail Howard copies of the dockets sheets for 4:10CV2365 CDP, 4:10cv2366 HEA, 4:10CV2367 CDP, and 4:10CV2368 HEA.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Howard's "Motion for Ex-Parte Teleconference" in the public file, but shall not file and shall return the exhibits to this motion to Howard.  This motion is denied in all respects.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Howard's "Motion To Compel Federal Correctional Complex USP Coleman II **Warden Drew** To Give Plaintiff Derrick Howard Access To His Legal Disc And Tapes" in the public file, but this motion is denied in all respects.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Howard's "Motion for Subpoena" in complete, unredacted form under seal, but shall also file a redacted version of this motion in the public file. The Clerk shall also serve complete, unredacted copies of this motion on defense counsel for all defendants who have entered appearances in this case. The motion is denied in all respects.

**IT IS FURTHER ORDERED** that the clerk of the Court shall file Howard's "Motion For Continuance And Renewed Motion for Appointment Of Counsel" in complete, unredacted form under seal, but shall also file a redacted version of this motion in the public file. The Clerk shall also serve complete, unredacted versions of this motion on defense counsel for all defendants who have entered appearances in this case. The Clerk shall not file and shall return all exhibits to this motion to Howard, and the motion is denied in all respects.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2011.